IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERRI L. COX,

      Plaintiff,

v.                                                                                              CIV 19-1117 KBM

ANDREW M. SAUL,
Commissioner of Social
Security Administration,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand, with Supporting Memorandum (*Doc. 18*) filed on May 18, 2020. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 4*; *10*; *11.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is not well-taken and will be denied.

**I.**     **Procedural History**

On May 25, 2017, Ms. Sherri L. Cox (Plaintiff) filed applications with the Social Security Administration for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (SSA), and for Supplemental Security Income (SSI) under Title XVI of the SSA. Administrative Record[1] (AR) at 231-34. Plaintiff alleged a disability onset date of May 15, 2017. AR at 231. Disability Determination

---

[1] Document 15-1 contains the sealed Administrative Record. *See Doc. 15-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Services (DDS) determined that Plaintiff was not disabled both initially (AR at 86-113) and on reconsideration (AR at 114-45). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of her applications. AR at 173-74.

Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 35-85. ALJ Jeffrey N. Holappa issued an unfavorable decision on February 13, 2019. AR at 13-34. Plaintiff submitted a Request for Review of Hearing Decision/ Order to the Appeals Council (AR at 229-30), which the Council denied on October 4, 2019 (AR at 1-6). Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the

assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of her medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" Plaintiff retains sufficient RFC "to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process,[2] ALJ Holappa found that Plaintiff "has not engaged in substantial gainful activity since May 15, 2017, the alleged onset date." AR at 19 (citing 20 C.F.R. §§ 404.1571-1576, 416.971-976). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: bipolar disorder and generalized anxiety disorder." AR at 19 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). The ALJ noted that Plaintiff has the following non-severe impairments: sleep disorder, obesity, urinary frequency, and cannabis use disorder. AR at 19.

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

---

[2] ALJ Holappa first found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2022." AR at 18.

listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 19-20 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). At Step Four, the ALJ considered the evidence of record and found that Plaintiff

> has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to understanding, remembering and carrying out detailed, but no complex instructions, simple work-related decisions and occasional interactions with supervisors and coworkers, but less than occasional interaction with the general public.

AR at 21-22. ALJ Holappa found that Plaintiff "is unable to perform any past relevant work." AR at 27 (citing 20 C.F.R. §§ 404.1565, 416.965). Based on the testimony of the VE, the ALJ determined that Plaintiff can perform the jobs of kitchen helper, cleaner (lab equipment), and hand packager. ALJ at 28. The ALJ ultimately determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 15, 2017, through the date of [the ALJ's] decision." AR at 29 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

### III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th

Cir. 2004)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200).

## IV. Discussion

Plaintiff argues that ALJ Holappa erroneously evaluated the opinions of three medical sources: (1) Meagan Parmley, Ph.D., the non-examining state agency psychological consultant (reviewed and affirmed by William H. Farrell, Ph.D., another state agency psychological consultant); (2) Paula Hughson, M.D., the consultative examiner; and (3) Desiree Provencio, Advanced Practice Nurse. *See Doc. 18* at 5-13.

### A.  How the Commissioner considers medical opinions and prior administrative findings.

The parties agree that because Plaintiff filed her claim after March 27, 2017, the ALJ properly evaluated the medical opinions and prior administrative findings under the revised regulations, found in 20 C.F.R. §§ 404.1520c and 416.920c. *See Docs.18* at 6; *19* at 9. Claims filed prior to that date were evaluated under the previous regulations –

20 C.F.R. §§ 404.1527 and 416.927. The revised regulations differ from the prior rules in several relevant respects.

First, the current regulations expand on the definition of an acceptable medical source and include, relevant to this opinion, licensed physicians, licensed psychologists, and licensed advanced practice nurses. *See* 20 C.F.R. §§ 404.1502, 416.902. Second, under the prior rules, medical opinions were weighted differently depending on the medical source's relationship to the claimant. *See* 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2) (according "more weight" to the opinions of an examining source than a non-examining source and "controlling weight" to a treating source's well-supported opinions that are "not inconsistent with the other substantial evidence" of record). The current rules place no special weight on opinions offered by a treating source or otherwise. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (providing that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)"[3]). "Instead, medical opinions and [prior administrative medical] findings are evaluated for their persuasiveness according to a uniform set of considerations." *Purdy v. Berryhill*, 887 F.3d 7, 13 n.8 (1st Cir. 2018) (citing 20 C.F.R. § 416.920(c)).

The evaluation of these considerations comprises the third relevant difference between the two sets of regulations. While the considerations "are similar under the

---

[3] A medical opinion is "a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s) and whether [s/he has] one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. § 404.1513(a)(2)). A prior administrative medical finding is a finding "about a medical issue made by [the Social Security Administration's] Federal and State agency medical and psychological consultants at a prior level of review . . . based on their review of the evidence in [the] case record . . . ." *Id.* § 404.1513(a)(5)).

6

prior and current rules, *compare* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c), *with* 20 C.F.R. §§ 404.1527(c) and 416.920(c), the prioritization of the factors and requirements for articulating how an adjudicator consider[s] each factor differ." *Silva v. Saul*, No. CV 19-913 WJ/KK, 2020 WL 4220862, at *4 (D.N.M. July 23, 2020). The five factors to consider include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Previously, an adjudicator gave special consideration to a source's relationship to a client. *See, e.g.*, *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); *Silva*, 2020 WL 4220862, at *4. The current regulations, however, provide that the factors of supportability and consistency are "[t]he most important factors" in considering "the persuasiveness of medical opinions and prior administrative findings . . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). In determining how persuasive opinions and findings are, an ALJ must "explain how [he] considered the supportability and consistency factors . . . but [is] not required to[] explain how [he] considered the [remaining] factors . . . ." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

As before, ALJs must "consider all relevant evidence in the case record in reaching their disability determination." *Silva*, 2020 WL 4220862, at *4 (citing 20 C.F.R. §§ 404.1520b, 416.920b). "Although an ALJ is not required to discuss every piece of evidence, '[t]he record must demonstrate that the ALJ considered all of the evidence[.]'" *Id.* (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). "The ALJ must discuss not only the evidence supporting [his] decision but also 'the uncontroverted evidence [he] chooses not to rely upon, as well as significantly probative evidence [he] rejects.'" *Id.* (quoting *Clifton*, 79 F.3d at 1010).

7

> **B.     The ALJ did not err in analyzing the opinions of Drs. Parmley and Farrell.**

Plaintiff first argues that the ALJ erred in considering the findings of the state agency psychological consultants, Drs. Parmley and Farrell. *See Doc. 18* at 6-8. The consultants reviewed the record, completed a Mental RFC, and opined that Plaintiff has a variety of limitations, including marked limits in her ability to interact appropriately with the public as well as moderate limits in her abilities to interact with coworkers or peers and to accept instructions and respond appropriately to criticism from supervisors. AR at 96-97, 128. Drs. Parmley and Farrell summarized:

> The totality of the evidence suggests that [Plaintiff] can understand, remember and carry out detailed but not complex instructions, make decisions, attend and concentrate for two hours at a time, interact adequately [with] coworkers and supervisors and respond appropriately to changes in the work settings. A workplace [with] well-defined expectations and limited interpersonal interaction is recommended.

AR at 97, 128.

ALJ Holappa found these prior administrative findings "highly persuasive." AR at 26. He included limitations in Plaintiff's RFC that she can understand, remember, and carry out detailed, but not complex instructions, make "simple work-related decisions[,] and [have] occasional interactions with supervisors and co-workers, but less than occasional interaction with the general public." AR at 21-22. Plaintiff contends that this RFC fails to account for two of the state agency consultants' findings. *Doc. 18* at 6.

First, Plaintiff argues that the ALJ failed to discuss how the opined need for "well-defined expectations" would impact the RFC, or to make clear whether he considered or rejected that portion of the state agency consultants' findings. *Id.* at 8. The Commissioner argues that "the ALJ limited Plaintiff to understanding, remembering, and

8

carrying out detailed, but not complex instructions, and . . . to *simple* work-related decisions[,]" which accounts for the need for well-defined expectations. *Doc. 19* at 17-18. Plaintiff fails to address this argument in her reply brief, and she cites no authority to support her position regarding this issue. *See Docs. 18* at 6-8; *20* at 1.

Plaintiff fails to show that a need for well-defined expectations is an opinion regarding her functional limitations. *See Padilla v. Colvin*, No. 13-CV-1133 SMV, 2014 WL 12783112, at *3 (D.N.M. Dec. 15, 2014) (finding that state agency consultant's opinion regarding a claimant's need for well-defined expectations was not an opinion on functional limitations). But to the extent it could be construed as a finding regarding Plaintiff's functional limitation, the Court finds that the ALJ adequately accounted for it in the RFC by limiting Plaintiff to understanding, remembering, and carrying out detailed, but not complex instructions, and to making simple work-related decisions. *See id.*

Second, Plaintiff contends that the ALJ failed to account for the state agency consultants' opinions that she requires "limited interpersonal interactions." *Doc. 18* at 8. The Commissioner maintains that the ALJ's limitation to "only *occasional* interaction with supervisors and coworkers[] and *less than occasional* interaction with the public" accounts for these opinions. *Doc. 19* at 18. The Court agrees. Plaintiff cites no authority to support her argument that these two limitations are inadequate to account for the opinions that she should have limited interpersonal interactions. *See Docs. 18* at 6-8; *20* at 1.

As Plaintiff fails to demonstrate legal error, the Court declines to reverse on this ground.

### C.     The ALJ did not err in analyzing Dr. Hughson's opinion.

Plaintiff next argues that ALJ Holappa "improperly rejected" Dr. Hughson's opinion. *Doc. 18* at 8. On August 28, 2017, Dr. Hughson conducted a consultative psychiatric examination for purposes of Social Security benefits. AR at 350-57. The ALJ summarized Plaintiff's self-report to Dr. Hughson regarding her history of "bipolar/depressive symptoms, urinary frequency with her prescribed mental health medication, regular cannabis use (since 15), . . . outbursts, sleep difficulty[,] and a recent job termination . . . ." AR at 25; *see also* AR at 351-52. "Dr. Hughson observed that [Plaintiff] had animated psychomotor activity, limited insight, fair judgment and a lazy, bored, worried mood. Otherwise, she was neatly groomed, friendly, cooperative, intelligent, cognitively intact, alert and oriented. She exhibited normal speech, logical thoughts, average estimated intelligence/fund of information and an ability to attend/concentrate." AR at 25; *see also* AR at 353.

Dr. Hughson diagnosed Plaintiff with Bipolar I Disorder (most recently depressed); Sleep Disorder NOS (likely circadian rhythm sleep wake disorder); Generalized Anxiety Disorder; and Cannabis Use Disorder. AR at 25; 354. She "assessed . . . a Global Assessment of Functioning (GAF) score of 48, indicative of serious symptoms or any serious impairment in social, occupation, or school functioning." AR at 25; *see also* AR at 354. The ALJ stated that Dr. Hughson opined, in relevant part, that Plaintiff "had moderate abilities to understand and remember detailed or complex instructions, but mostly moderate to marked limitations in her ability to sustain concentration/task persistence, socially interact and adapt." AR at 25; *see also* AR at 356. He found that her opinion "is largely an overstatement of the [severity of

impairment to Plaintiff's] abilities"[4] and that it "is unsupported by the objective medical evidence[,] . . . is inconsistent with the evidence from all medical/non-medical sources[,] . . . is based on a one-time examination[,] and appears to be largely reliant [upon Plaintiff's] subjective reports." AR at 25. For these reasons, ALJ Holappa found that Dr. Hughson's opinion was "not persuasive." AR at 25.

The ALJ failed, Plaintiff claims, "to provide citations or explanation for his statement rejecting Dr. Hughson's opinion." *Id.* at 11. She argues that the ALJ's reasoning was vague and did "not comply with the narrative discussion requirements" of SSR 96-8p, 1996 WL 374184 (July 2, 1996). *Docs. 18* at 10-11; *20* at 2. As the Commissioner points out, however, "there is no such articulation requirement in the revised regulations" (*Doc. 19* at 21), and "Plaintiff does not contend that the ALJ failed to follow the revised regulations for evaluating medical source opinions" (*id.* at 20 (citing *Doc. 18* at 8-13)). Once again, the Court agrees. SSR 96-8p is not relevant to an ALJ's discussion of a medical source's opinion; instead, it provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . ."

The relevant regulations provide that the ALJ will discuss "the supportability and consistency factors for" an opinion. *See* 20 C.F.R. § 404.1520c(b)(2). Here, the ALJ found that the moderate to marked limitations that Dr. Hughson opined overstate the

---

[4] The ALJ actually said that Dr. Hughson's opinion was "largely an overstatement of [Plaintiff's] abilities[,]" which would imply that Dr. Hughson found Plaintiff *less* impaired than the ALJ did. AR at 25. Dr. Parmley, who reviewed the file, stated that Dr. Hughson's opinion was "an overestimate *of the severity of* [Plaintiff's] restrictions/limitations." AR at 98 (emphasis added). As the ALJ ultimately found that Plaintiff had less severe restrictions than those Dr. Hughson opined, the Court finds that the ALJ's statement was mistaken, and he intended to state that Dr. Hughson's opinion was an overstatement of *the severity* of impairment to Plaintiff's abilities.

severity of impairment to her abilities, are "unsupported by the objective medical evidence and . . . inconsistent with the evidence from all medical/nonmedical sources." AR at 25. Thus, ALJ Holappa briefly but adequately discussed supportability and consistency. To the extent that Plaintiff asserts this language was vague or boilerplate, she fails to develop her argument. *See Doc. 20* at 2. As the Commissioner observes, "the ALJ's decision previously set forth and discussed the evidence that was consistent with the ALJ's RFC assessment and inconsistent with Dr. Hughson['s] . . . opinion[], and the ALJ was not required to repetitively discuss it yet again in discounting" the opinion. *Doc. 19* at 21 (citing *Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012)); *see also* AR at 23-27 (summarizing and discussing evidence that supports the RFC). Plaintiff fails to respond to this point or to discuss any of Dr. Hughson's specific limitations that the ALJ allegedly failed to address.[5] *See Doc. 20*.

Relying on *Thomas v. Barnhart*, 147 F. App'x 755 (10th Cir. 2005), Plaintiff further argues that the ALJ erred in discounting the opinion because it was based "on mostly subjective complaints." *Doc. 20* at 2 (citing AR at 25). In *Thomas*, however, the Tenth Circuit found that an ALJ erred in rejecting a psychological opinion "solely for the reason that it was based on [subjective] responses . . . ." 147 F. App'x at 760. Here, the ALJ did not discount the opinion *solely* on this basis; he also found that the opinion overstated the degree of impairment to Plaintiff's abilities, was not supported by objective medical evidence, was inconsistent with other evidence, and was based on a

---

[5] Plaintiff asserts that Dr. Hughson's opinion is consistent with Ms. Provencio's opinion. *Doc. 18* at 11. As discussed below, however, the Court finds that the ALJ did not err in discounting Ms. Provencio's opinion.

12

one-time examination. AR at 25. As Plaintiff fails to show that the ALJ erred in analyzing Dr. Hughson's opinion, the Court declines to remand on this issue.

### D. The ALJ did not err in analyzing Ms. Provencio's opinion.

Finally, Plaintiff argues that ALJ Holappa erred in evaluating Ms. Provencio's opinion. *Doc. 18* at 13. Ms. Provencio completed a medical source statement on August 1, 2018. AR at 359-63. The ALJ summarized the opinion as follows:

> [Ms. Provencio] opined that given [Plaintiff's] bipolar disorder, she would miss five or more days of work per month; be off task 10-25% of the time and require 10 to 30 minute unscheduled breaks. Notwithstanding the same, Ms. Provencio asserted that [Plaintiff] had no more than moderate limitations in her concentration, persistence, pace and ability to deal with work stress. Additionally and without explanation, Ms. Provencio essentially concluded that [Plaintiff] could perform at every exertional level, but that she would require occasional postural activity restrictions. She concluded that [Plaintiff] needed a "part-time" position.

AR at 25; *see also* AR at 359, 363. He found "that the assessed limitations and substantial unreliability (despite no more than moderate limitations) is not persuasive." AR at 26. Further, the ALJ stated that Ms. Provencio's "opinion is not supported by the objective medical evidence and is inconsistent with the evidence from all medical/non-medical sources." AR at 26. He also discounted the opinion because Ms. Provencio had "treated [Plaintiff] for less than a month" at the time she rendered the opinion, "yet she asserts that [Plaintiff] has had the aforementioned limitations since 2008. The record does not support the same." AR at 26. For these reasons, he found the opinion was "not persuasive." AR at 26.

Plaintiff asserts that ALJ Holappa's analysis of the opinion was broad, did not provide specific citations to the record, and "leaves subsequent reviewers with nothing to review." *Doc. 18* at 13. The Court finds that the ALJ adequately addressed

13

consistency and supportability of the opinion. For example, he stated that the opined moderate limitations were inconsistent with the extreme opinion about the number of days Plaintiff would miss each month or the time she would require off task. *See* AR at 25. And he found that that Ms. Provencio's opinion about Plaintiff's limitations, which she found dated back to 2008, were unsupported by the record. AR at 26. Again, the ALJ adequately set forth the substantial evidence that supports his RFC determination earlier in his opinion, and he was not required to restate it in his discussion of Ms. Provencio's opinion. *See Endriss*, 506 F. App'x at 777.

Plaintiff also argues that Ms. Provencio's opinion is not inconsistent with Dr. Hughson's opinion, nor with Plaintiff "continually seeking mental health therapy and medication management." *Id.* As the Court finds no error with the ALJ's analysis of Dr. Hughson's opinion, it makes no difference that the two opinions were consistent. Further, Plaintiff does not explain how seeking therapy or medication management detracts from the substantial evidence that supports the ALJ's ultimate RFC determination. Consequently, the Court will not remand on this basis.

**V.    Conclusion**

Plaintiff has failed to show that the ALJ erred in evaluating any of the medical opinions of record. Thus, the Court will deny Plaintiff's motion to remand.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand, with Supporting Memorandum (*Doc. 18*) is **DENIED**. A final order pursuant to Rule 58 of the Federal Rules of Civil Procedure will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent